UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STAS ABRAMOVSKY,

      Petitioner,

    v.                                 Case No.:  2:26-cv-01659-SPC-KRH

MARKWAYNE MULLIN *et al.*,

      Respondents,

                                       /

## <u>OPINION AND ORDER</u>

Before the Court are petitioner Stas Abramovsky's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 5), and Abramovsky's reply (Doc. 6).

Abramovsky is a native of Russia who lawfully entered the United States in 1995. Between 2003 and 2010, he was convicted of multiple crimes involving theft and drug possession. On October 1, 2014, an immigration judge ordered Abramovsky removed to Russia but granted withholding of removal under the Convention Against Torture. Immigration and Customs Enforcement ("ICE") was unable to execute the removal order, so it released Abramovsky under an order of supervision on November 7, 2014. He has had no subsequent arrests, charges, or convictions. On February 24, 2026, Florida Highway Patrol arrested Abramovsky during a traffic stop and handed him over to ICE. He has been detained at Alligator Alcatraz since then. The government

acknowledges ICE did not give Abromovsky written notice of the revocation of his release or an informal interview to address the revocation. Abramovsky claims his detention violates his procedural and substantive due-process rights.

Abramovsky's detention is unlawful for two reasons. First, ICE arrested and detained him without due process. The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is thus "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976). Courts looks to three factors when considering what process is due in a given situation: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and

administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

All three factors weigh heavily in Abramovsky's favor. First, his interest in freedom from detention "lies at the heart of the liberty" the Due Process Clause protects. *Zadvydas*, 533 U.S. at 690. Second, the risk of erroneous deprivation of that interest is substantial here. The government's actions gave Abramovsky no opportunity to contest the reasonableness of his detention. What is more, the Court recognizes significant value in the safeguards established by 8 C.F.R. § 241.4(l) and § 241.13(i), the regulations governing revocation of orders of supervision. Those safeguards include contemporaneous notice of the reason for revocation and a prompt informal interview to address the reason. Neither occurred here. Without notice and an interview, there is nothing to ensure immigration detention serves its statutory purposes and is used in accordance with the laws enacted by Congress. Third, while the government has a legitimate interest in executing removal orders, ICE does not show how timely compliance with § 241.4(l) or § 241.13(i)'s notice and interview procedures would have burdened that interest.

Abramovsky's detention is also unlawful under the *Zadvydas* framework. "Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. §

1231(a)(1)(A)).  The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final.  *Id.*  Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute."  533 U.S. 678, 700-01 (2001).  If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699.  The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701.  So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days.  *Id.*  Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The government argues Abramovsky's petition is premature because his current detention has not exceeded 180 days.  They assume a six-month

presumptively reasonable period of detention starts each time a noncitizen is detained. That assumption is inconsistent with *Zadvydas*. It would effectively allow DHS to arbitrarily detain noncitizens and avoid judicial scrutiny by limiting consecutive periods of detention to 180 days. As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the removal period." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Abramovsky has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. ICE cannot remove him to Russia, and no other country has given Abramovsky permission to immigrate. The burden thus shifts to the government, but it makes no attempt at rebuttal.

The Court finds no significant likelihood Abramovsky will be removed in the reasonably foreseeable future. He is entitled to release from detention under *Zadvydas*. If removal becomes likely in the reasonably foreseeable future, ICE can detain Abramovsky to "assur[e] [his] presence at the moment

of removal." *Zadvydas*, 533 U.S. at 680. If ICE re-detains Abramovsky, it must afford him the process due by following the applicable regulation.

Accordingly, it is hereby **ORDERED:**

Stas Abramovsky's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondents shall release Abramovsky within 24 hours of this Order and give him telephone access so he can arrange transportation from the facility.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on May 28, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record